**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| James D. Lewis (B-52327), et al., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50131 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Judge Reinhard, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's failure to inform the court about his accumulation of three dismissals under 28 U.S.C. § 1915(g) and his failure to provide his litigation history constitute a fraud on the court and warrant immediate dismissal. Also, plaintiff's claims in this suit are frivolous and malicious, and this case is dismissed under 28 U.S.C. § 1915A. Plaintiff is again advised that he has at least three dismissals under § 1915(g), that he must notify courts he has accumulated three § 1915(g) dismissals when filing an action in federal court, and that, if he seeks to proceed *in forma pauperis*, he must satisfy the requirements of § 1915(g). Although the current case cannot proceed, plaintiff is still responsible for its filing fee, and the Clerk is directed to send a copy of this order to trust fund officials at Dixon Correctional Center so that the filing fee for this case can be added to plaintiff's other filing fee obligations. Trust fund officials at Dixon are authorized to collect monthly payments from plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of this Court each time the amount in the account exceeds $10 until the full $400.00 filing fee for this case is paid. Civil case terminated. All pending motions are denied.

## STATEMENT

Plaintiff James Lewis, an Illinois prisoner currently incarcerated at Dixon Correctional Center, has submitted another 42 U.S.C. § 1983 civil rights action. According to the Public Access to Court Electronic Records ("PACER") website, plaintiff has filed at least 25 suits in federal court. The current case names the following parties as defendants: Judge Reinhard, Magistrate Judge Johnston, Clerk of Court Tom Bruton, Illinois Governor Bruce Rauner, Illinois Attorney General Lisa Madigan, John and Jane Does, and "others violating the laws and politics." (Compl. at 3). Plaintiff alleges that he has filed several suits, but "Judge Philip G. Reinhard and others said 'F—k the FBI, James D. Lewis, Barack Obama, Michelle Obama, Ted Cruz and others because we are not citizen of U.S.A. and the State of Illinois." (Compl. at 5). Though not entirely clear from the complaint, plaintiff appears to argue that defendants have conspired against him, the FBI, and others because of prior judicial rulings that found that defendants in some of plaintiff's cases were immune from suit.

First, plaintiff's claims are frivolous and malicious, and this suit warrants dismissal under 28 U.S.C. § 1915A. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (allegations that are "fantastic and delusional" may be considered frivolous); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774-75 (7th Cir. 2002); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (describing a suit is "malicious" for purposes of § 1915 if it is intended to harass or is otherwise abusive of the judicial process). Though plaintiff has accumulated three dismissals under § 1915(g) and needs no more, the instant § 1915(g) dismissal may be added to his prior ones. Plaintiff is advised that his repeated filings of similar suits may lead to sanctions.

Second, this case must be immediately dismissed based on the fact that plaintiff has accumulated three dismissals under 28 U.S.C. § 1915(g) but has failed to inform the court of this information. *See Lewis v. Dart*, No. 10-cv-4247 (N.D. Ill. July 22, 2010) (dismissing complaint for failure to state a claim); *Lewis v. Alvarez*, No. 10-cv-4540 (N.D. Ill. July 29, 2010) (same); *Lewis v. Unknown Party*, No. 13 C 1339 (S.D. Ill. Jan. 22, 2014) (same); *Lewis v. State of Illinois*, 12-cv-1023 (N.D. Ill. June 27, 2012) (same, and plaintiff was notified he accumulated three strikes); *see also Lewis v. Godinez*, 13-cv-1439 (C.D. Ill. Oct. 21, 2013) (plaintiff was admonished that he must inform courts he has accumulated at least three § 1915(g) dismissals when seeking to bring an action in federal court).

Plaintiff has been advised several times of his need to inform courts of his accumulation of three § 1915(g) dismissals. Yet he continues to file suits without providing this information. As opposed to informing the court about his cases (even those filed this year), plaintiff instead provides his identification numbers and directs the court to search for his prior cases. A litigant's failure to inform a court that he has received at least three dismissals under § 1915(g) is considered a fraud on the court which warrants "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Also considered a fraud upon the court warranting dismissal is the failure to give a complete litigation history as instructed in the court's form complaint. *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). Plaintiff's direction to this court to look for his prior cases satisfies neither *Hoskins* nor *Sloan*. Even if he cannot refer to his prior suits by their names and case numbers, he could at least inform the court of some of them, claims he previously raised, and the fact he has obtained three § 1915(g) dismissals.

Accordingly, for the above stated reasons, the complaint is dismissed with prejudice. All pending motions are denied. This case is closed. If plaintiff wishes to appeal the dismissal of this case, he must file a notice of appeal with this court within thirty days of the entry of this order. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Also, if the appeal is found to be non-meritorious, it could be considered as another dismissal under § 1915(g). If plaintiff seeks to proceed *in forma pauperis* on appeal, he must file in this court another application seeking leave to proceed *in forma pauperis* and provide the grounds for his appeal. *See* Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a).

Date: June 2, 2106